(109 App. Div. 324.)

### BANNON v. BUFFALO UNION FURNACE CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

MASTER AND SERVANT—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS.

A complaint for injuries to a servant alleged negligence in the operation of a furnace, in not having the furnace properly equipped with safe appliances, in failing to provide proper rules and regulations, in not providing a safe place to work, and in not warning plaintiff of the dangers. The charge submitted as grounds of negligence the defective manner in which blowpipes were inserted in the furnace and the improper manner in which the furnace was operated. No request was made that any other grounds of negligence be submitted, but the other grounds alleged in the complaint were apparently waived or abandoned. There was no serious claim that the furnace was improperly operated, otherwise than in the manner in which the blowpipes were inserted in the furnace. *Held,* that a charge that plaintiff must show that defendant could have known, by the exercise of reasonable care, that the appliances about the furnace were defective before any recovery could be had, was not erroneous nor prejudicial to plaintiff.

Hiscock, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Michael Bannon against the Buffalo Union Furnace Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

George H. Kennedy, for appellant.
Clinton B. Gibbs, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action is to recover for personal injuries claimed to have resulted from defendant's negligence. The defendant was operating a blast furnace for the melting of iron ore and making it into pig iron. The plaintiff was an employé working about one of the furnaces. While working there an explosion occurred, fire came out of the furnace, and he was burned. The grounds of negligence alleged in the complaint to have caused the accident were very general and comprehensive, viz., not operating the furnace in a proper manner, not having the furnace properly equipped with safe and suitable appliances, failing to provide proper rules and regulations for the protection of the men while at work, not providing a safe place to work, not keeping it in a safe condition, and not warning plaintiff of the dangers of the employment, which were known to defendant but not to plaintiff.

The grounds of negligence submitted to the jury were not very clearly indicated in the charge. So far as we are able to determine, they were the defective manner in which the blowpipes were inserted in the furnace and the improper manner in which the furnace was operated. No other grounds of negligence were suggested by the court to the jury, and no request was made that any other grounds be submitted. The other grounds alleged in the complaint apparently were waived or abandoned. There were no exceptions to the charge, or with reference to the requests to charge, of any consequence, excepting one. By request of defendant's counsel, the court charged:

"That the plaintiff must show that the defendant could have known by the exercise of reasonable care that the appliances about the furnace were defective before any recovery can be had."

This request and charge was excepted to by the plaintiff. The meaning of the language used was really that the plaintiff must show these things before a recovery could be had by reason of such defective appliances. Precisely what appliances were referred to it is difficult to understand. The only defect suggested in the charge related to the manner in which the blowpipes were inserted in the furnace, and, if this could be regarded as covered by the words "defective appliances," the charge as properly construed was correct. There was no claim seriously made that the furnace was improperly operated, otherwise than this. It could hardly be urged that the charge was erroneous in that it prevented the jury from finding negligence in failing to furnish the plaintiff a safe place to work, or to keep it in a proper condition, or to warn the plaintiff of the dangers of the employment, or to promulgate rules for the operation of the furnace, because no such grounds of negligence had been submitted to the jury, and no request had been made to submit them. The trouble was that the court failed to submit much of anything to the jury as ground of negligence. It merely charged that the jury must find the defendant negligent; otherwise, a verdict could not be rendered for the plaintiff. Under this condition of things we cannot say that the request and charge excepted to were erroneous, or that they in any way prejudiced the plaintiff. It was not suggested at the time that the jury were prevented by this charge from finding any of the grounds of negligence

alleged in the complaint, or that the plaintiff desired any of these grounds submitted to the jury.

We think there were no reversible exceptions with reference to the admission or rejection of evidence, considering the manner in which the case was submitted to the jury.

Judgment and order affirmed, with costs. All concur, except HISCOCK, J., who dissents.